# Exhibit A

# LOUIS P. GIAVASIS
## STARK COUNTY CLERK OF COURTS

NIKOLOUS L GRIFFITH

              PLAINTIFF,

        VS.                          CASE NUMBER :     **2017CV01460**

**DIVERSIFIED CONSULTANTS INC**        ASSIGNED JUDGE :     **FRANK G. FORCHIONE**

              DEFENDANT,

# SUMMONS

July 20, 2017

TO THE FOLLOWING NAMED DEFENDANT:
     DIVERSIFIED CONSULTANTS INC
     ATTN JOHN CRAWFORD R/A
     1200 RIVERPLACE BLVD SUITE 800
     JACKSONVILLE, FL 32207

YOU HAVE BEEN NAMED A DEFENDANT IN A COMPLAINT FILED IN STARK COUNTY COURT OF COMMON PLEAS, STARK COUNTY COURT HOUSE, CANTON, OHIO 44702 BY:
     NIKOLOUS GRIFFITH -
     213 BEECHWOOD ST APT A
     LOUISVILLE, OH 44641-7924                        PLAINTIFF.

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF THE PLAINTIFF'S ATTORNEY IS:
     MATTHEW ALDEN
     COLUMBUS,

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

LOUIS P. GIAVASIS
CLERK OF COURTS
STARK COUNTY, OHIO

S. MARTIN, DEPUTY CLERK

FILED

JUL 19 2017

LOUIS P. GIAVASIS
STARK COUNTY OHIO
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
STARK COUNTY, OHIO
CIVIL DVISION

| | | |
|---|---|---|
| Nikolous L. Griffith<br>213 Beechwood Street,<br>Apartment A<br>Louisville, Ohio 44641-7924, | )<br>)<br>)<br>) | Case No.:  2017CV0 1460 |
| | ) | |
| Plaintiff, | )<br>) | Judge:  Forchione |
| | ) | |
| v. | )<br>) | COMPLAINT FOR MONEY<br>DAMAGES AND INJUNCTIVE<br>RELIEF |
| Diversified Consultants, Inc.<br>Attn: John Crawford, r/a<br>1200 Riverplace Boulevard<br>Suite 800<br>Jacksonville, Florida 32207, | )<br>)<br>)<br>)<br>)<br>)<br>) | JURY DEMAND ENDORSED<br>HEREON |
| | ) | |
| Defendant. | ) | |

For his complaint against the Defendant, Diversified Consultants, Inc., Plaintiff Nikolous

L. Griffith ("Griffith") states as follows:

**Preliminary Statement**

1.      This is an action for actual, statutory and punitive damages brought by Griffith against

Diversified Consultants, Inc. for its negligent, willful and knowing violations of the Fair Credit

Reporting Act, its violations of the Fair Debt Collection Practices Act, and the Ohio Consumer

Sales Practices Act, in connection with its unlawful, post-discharge collection activity and

unlawful accessing of Griffith's credit information subsequent to his bankruptcy discharge.

**Jurisdiction And Venue**

2.      This Court has jurisdiction over this matter pursuant to Oh. Rev. Code § 1345.04, 15

U.S.C. § 1681p, 15 U.S.C. §1692k(d), and Oh. Rev. Code § 2305.01.  Venue in this county is

proper because Diversified Consultants, Inc. transacts business in this county and part of the

conduct complained of occurred in this county.

1

**Parties**

3.      Mr. Griffith is an adult individual presently residing Louisville, Ohio and is a "consumer"

as that term is defined in the Fair Credit Reporting Act, the Fair Debt Collection Practices Act,

and the Consumer Sales Practices Act.

4.      Diversified Consultants, Inc. is a debt collector for defaulted consumer credit accounts

owed to third parties.  Diversified Consultants, Inc. is not a lender and is not a creditor.

5.      Diversified Consultants, Inc. is a Florida for-profit corporation headquartered in

Jacksonville, Florida.

6.      Diversified Consultants, Inc. is a "furnisher" and "user" of consumer credit information

as those terms are defined under the Fair Credit Reporting Act.

**Background**

7.      On February 22, 2016, Mr. Griffith filed for Chapter 7 Bankruptcy in the United States

Bankruptcy Court for the Northern District of Ohio.

8.      The case was docketed as *In re Nickolous L. Griffith & Nikolous L. Griffith*, Case No.:

16-60283.

9.      At no time prior to his bankruptcy filing did Mr. Griffith have any reason to believe he

owed Diversified Consultants, Inc. any money.

10.     A prepetition compilation of his credit reports obtained from CIN Legal Data Services

had no reference to any unsecured, consumer debt owed to Diversified Consultants, Inc. as of

February 22, 2016.

11.     On June 24, 2016, the bankruptcy court issued an order granting Mr. Griffith a discharge

of all the unsecured, consumer debt he owed at that time.

12.     The discharge order terminated any rights of his unsecured creditors to collect money he

2

owed at that time, including the debt that Diversified Consultants, Inc. was attempting to collect.

13.     Mr. Griffith never reaffirmed any of the unsecured debt discharged in his bankruptcy case.

14.     Mr. Griffith received a full discharge of all his unsecured consumer debt, including any debt that Diversified Consultants, Inc. was attempting to collect.

15.     As of June 24, 2016, the date of the discharge order, Diversified Consultants, Inc. knew or should have known that Mr. Griffith was the debtor in a Chapter 7 bankruptcy case, that he was granted a discharge in the bankruptcy case and that he was subsequently protected from any direct or indirect collection acts whatsoever by virtue of the injunction provided under the bankruptcy code, specifically 11 U.S.C. § 524.

16.     As of June 24, 2016, Diversified Consultants, Inc. had no reason to access Mr. Griffith's credit reports or to conduct any collection activity with respect to him.

17.     Despite the fact that Mr. Griffith discharged any debt for which Diversified Consultants, Inc. could be collecting as of June 24, 2016, on June 24,2 016, Diversified Consultants, Inc. accessed the personal and confidential information contained in Mr. Griffith's TransUnion account without any permissible purpose and without Mr. Griffith's knowledge or consent.

18.     Mr. Griffith had no reason to suspect that Diversified Consultants, Inc. had illegally pulled his personal and confidential TransUnion credit report until he obtained a copy of his TransUnion Credit report dated February 13, 2017, which disclosed the illegal pull and collection activity that occurred on June 24,2 016.

19.     On June 24,2 016, Diversified Consultants, Inc. represented to TransUnion that its request for Mr. Griffith's personal and confidential credit information request was made for "account review" purposes in order to conduct collection activity.

3

20.     However, at the time of the purported June 24, 2016 "account review" inquiry, Mr.

Griffith's TransUnion credit report reflected that he had no open account with Diversified

Consultants, Inc. and showed that his other unsecured, dischargeable debts had been closed,

discharged in bankruptcy, and had no balance owing.

21.     Mr. Griffith has not requested credit from or otherwise initiated any business relationship

with Diversified Consultants, Inc. at any time subsequent to his bankruptcy discharge.

22.     After a reasonable time to conduct discovery, Mr. Griffith believes he can prove that all

actions taken by Diversified Consultants, Inc. as described in this complaint were taken willfully

to invade his privacy without justification, with the desire to harm Plaintiff, with knowledge that

the actions were taken in violation of the law, and with reckless disregard for Plaintiff's rights.

23.     The conduct has been the producing and proximate cause of past, present and future

mental distress and emotional anguish stemming from the ongoing unlawful invasion of Mr.

Griffith's privacy and other damages that will be presented to the jury.

24.     Mr. Griffith reasonably fears that, absent this Court's intervention, Diversified

Consultants, Inc. will:

    a.    continue to illegally access his personal, private and financial information;

    b.    ultimately attempt to seek payment from his on a discharged debt; and

    c.    ultimately cause harm to his credit or otherwise harm him economically.

25.     Because of the actions taken by Diversified Consultants, Inc. in conducting post-

discharge account reviews that lacked any legitimate purpose, Mr. Griffith was forced to hire an

attorney and his damages include reasonable attorney fees incurred in pre-suit representation and

prosecuting this case.

26.     Because of the actions taken by Diversified Consultants, Inc., Mr. Griffith is entitled to

4

statutory damages, punitive damages and all other appropriate measures to punish and deter similar future illegal practices by Diversified Consultants, Inc. and other users of consumer credit information.

## Claim No. 1: Violation of 15 U.S.C. §1681n

27. All prior paragraphs are incorporated into this claim by reference.

28. Diversified Consultants, Inc. is a furnisher and user of consumer credit information.

29. After receiving his discharge, at no time did Mr. Griffith apply for credit from Diversified Consultants, Inc.

30. Upon information and belief, Diversified Consultants, Inc. knowingly and willfully requested and obtained Mr. Griffith's consumer report from TransUnion on more than one occasion despite having actual knowledge that Mr. Griffith's obligation on his unsecured debt was discharged in his bankruptcy as of June 24, 2016.

31. Diversified Consultants, Inc. lacked any permissible purpose in conducting "account reviews" or in obtaining Mr. Griffith's personal credit information after he received his bankruptcy discharge.

32. Diversified Consultants, Inc. knowingly and willfully obtained Mr. Griffith's information from TransUnion under false pretenses.

33. After a reasonable time to conduct discovery, Mr. Griffith believes he can prove:

a. that Diversified Consultants, Inc. has received hundreds, if not thousands, of disputes from consumers like Plaintiff, complaining of the same conduct as alleged in this complaint. Specifically, Diversified Consultants, Inc. now routinely obtains, consumer reports on individuals that Diversified Consultants, Inc. knows or should know have filed for bankruptcy and who have received a discharge in bankruptcy;

5

b.  that despite their receipt of disputes from consumers, Diversified Consultants, Inc.

intentionally and  knowingly refuses to correct its policies and procedures with respect to

obtaining consumer reports after bankruptcy discharge without legal authority to do so; and

c.  that Diversified Consultants, Inc. is engaged in a pattern and practice of unlawful

behavior with respect to the accessing of consumer reports on individuals who have received

a discharge in bankruptcy.

34.     As a direct and proximate result of Diversified Consultants, Inc.'s violations of the Fair

Credit Reporting Act, Plaintiff has suffered and will continue to suffer considerable harm and

injury including, but not limited to, mental distress and emotional anguish stemming from the

ongoing invasion of his privacy, entitling Plaintiff to an award of actual damages in an amount to

be proven at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C.

§ 1681n.

35.     Diversified Consultants, Inc.'s actions in this matter have been willful and malicious or

have been undertaken with such reckless disregard of Mr. Griffith's rights that malice may be

inferred, subjecting Diversified Consultants, Inc. to liability for punitive damages.

36.     Additionally, the harm suffered by Mr. Griffith is attended by circumstances of fraud,

malice and willful misconduct, entitling Plaintiff to punitive damages pursuant to 15 U.S.C. §

1681n(a)(2).

### Claim No. 2:  Violation of 15 U.S.C. §1681o

37.     All prior paragraphs are incorporated into this claim by reference.

38.     Diversified Consultants, Inc. is a furnisher and user of consumer credit information.

39.     After receiving his discharge, at no time did Mr. Griffith apply for credit from Diversified

Consultants, Inc.

6

40.     Upon information and belief, Diversified Consultants, Inc. negligently requested and obtained Plaintiff's consumer report from TransUnion despite having actual knowledge that Mr. Griffith's unsecured debts were discharged in his bankruptcy as of June 24, 2016.

41.     Diversified Consultants, Inc. lacked any permissible purpose in conducting "account reviews" or in obtaining Mr. Griffith's personal credit information after he received his bankruptcy discharge.

42.     Diversified Consultants, Inc. negligently obtained Mr. Griffith's information from TransUnion under false pretenses.

43.     After a reasonable time to conduct discovery, Mr. Griffith believes he can prove:

    a.   that Diversified Consultants, Inc. has received hundreds, if not thousands, of disputes from consumers like Plaintiff, complaining of the same conduct as alleged in this complaint. Specifically, Diversified Consultants, Inc. routinely obtains consumer reports on consumers that Diversified Consultants, Inc. knows or should know have filed for bankruptcy and who have received a discharge in bankruptcy;

    b.   that despite the receipt of disputes from consumers, Diversified Consultants, Inc. refuses to correct its policies and procedures with respect to obtaining consumer reports after bankruptcy discharge; and

    c.   that Diversified Consultants, Inc. is engaged in a pattern and practice of unlawful behavior with respect to the accessing of consumer reports on individuals who have received a discharge in bankruptcy.

44.     As a direct and proximate result of Diversified Consultants, Inc.'s violations of the Fair Credit Reporting Act, Plaintiff has suffered and will continue to suffer considerable harm and injury including, but not limited to, mental distress and emotional anguish stemming from the

7

ongoing invasion of his privacy, entitling Plaintiff to an award of actual damages in an amount to be proven at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o(a)(1)&(2).

### Claim 3: Violations of the Federal Fair Debt Collection Practices Act

45.    All prior paragraphs are incorporated into this claim by reference.

46.    Mr. Griffith is a "consumer" as defined by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692a(3).

47.    Diversified Consultants, Inc. is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) because Diversified Consultants, Inc.  regularly uses the instrumentalities of interstate commerce to collect debts that are in default and for which Diversified Consultants, Inc. was not the original lender.

48.    Upon information and belief, the account that Diversified Consultants, Inc. was trying to collect from Mr. Griffith was a debt that arose out of a transaction which was primarily for personal, family or household purposes as defined by the FDCPA at 15 U.S.C. §1692a(5).

49.    Diversified Consultants, Inc. misrepresented the character of the debt and the legal status of the debt in violation of 15 U.S.C. §1692e(2)(A) because the debt was discharged in Mr. Griffith's bankruptcy and he no longer owed any money on the account.

50.    Diversified Consultants, Inc. made false and misleading representations prohibited by 15 U.S.C § 1692e by illegally accessing Mr. Griffith's TransUnion credit report in an attempt to collect on the account after it was discharged in Mr. Griffith's bankruptcy.

51.    Diversified Consultants, Inc. engaged in unfair, unconscionable, and deceptive practices in violation of 15 U.S.C. §1692f by attempting to collect on a debt discharged in a bankruptcy and falsely and illegally accessing Mr. Griffith's personal and confidential credit report.

8

52.     As a direct and proximate result of Diversified Consultants, Inc.'s violations of the Fair

Debt Collection Practices Act, Diversified Consultants, Inc. is liable to Mr. Griffith in the sum of

Mr. Griffith's actual damages, statutory damages, costs, and attorneys' fees, an amount which

exceeds $25,000.00.

### Claim 4:  Violations of the Ohio Consumer Sales Practices Act

53.     All prior paragraphs are incorporated into this claim by reference.

54.     Mr. Griffith is a "consumer" as defined by the Ohio Consumer Sales Practices Act, Oh.

Rev. Code § 1345.01(D).

55.     Diversified Consultants, Inc. is a "supplier" as defined by the Consumer Sales Practices

Act, Oh. Rev. Code §1345.01(C).

56.     Diversified Consultants, Inc. is directly engaged in the business of effecting "consumer

transactions".

57.     Diversified Consultants, Inc. collects defaulted consumer debts for other companies in

Ohio and nationwide.

58.     Alternatively, Diversified Consultants, Inc. was directly engaged in the business of

effecting "consumer transactions" such the unsecured, defaulted debt owed by Mr. Griffith that

was discharged in his bankruptcy.

59.     Diversified Consultants, Inc. committed unfair, deceptive and unconscionable acts or

practices in violation of Oh. Rev. Code §§ 1345.02(A) and 1345.03(A) of the Consumer Sales

Practices Act including:

    a.   attempting to collect on a debt that Diversified Consultants, Inc. knew or should have

    known that Mr. Griffith did not owe;

    b.   illegally accessing Mr. Griffith's TransUnion credit report as part of an illegal attempt to

9

collect a defaulted consumer debt when Diversified Consultants, Inc. knew or should have

known the account was discharged in Mr. Griffith's bankruptcy case on June 24, 2016; and

c.    making false, misleading, and deceptive statements to TransUnion and to Mr. Griffith

that Diversified Consultants, Inc. had the authority to review Mr. Griffith's personal and

confidential credit history in an attempt to collect a defaulted, discharged debt.

60.    Such acts and practices have been previously determined by Ohio courts to violate the

Consumer Sales Practices Act, Oh. Rev. Code §§1345.01 to 1345.99.

61.    Diversified Consultants, Inc. committed the violations after such decisions were available

for public inspection pursuant to Oh. Rev. Code § 1345.05(A)(3).

62.    Specifically, the following cases have held that similar unfair and deceptive acts and

practices violate the Ohio Consumer Sales Practices Act: *In The Matter of United Collection*

*Bureau, Inc.*, State Of Ohio, Office of the Attorney General Consumer Protection Section,

Docket No.: 36490 (August 12, 2010) (PIF # 10002890) and *Becker v. Montgomery, Lynch*

(N.D. Oh. 2003), Case No.: 1:02 CV 874 (PIF#10002153).

63.    Additionally, under well-settled Ohio law, a violation of the Fair Debt Collection

Practices Act is also a violation of the Consumer Sales Practices Act. *Becker v. Montgomery,*

*Lynch* (N.D. Oh. 2003), Case No.: 1:02 CV 874 (PIF#10002153).

64.    Diversified Consultants, Inc. knowingly committed the unfair, deceptive, and

unconscionable acts and practices.

65.    As a direct and proximate result of Diversified Consultants, Inc.'s unfair, deceptive, and

unconscionable acts and practices, Mr. Griffith has been damaged in amounts to be proven at

trial in excess of $25,000.00.

66.    Diversified Consultants, Inc.'s actions in this matter have been willful and malicious or

10

have been undertaken with such reckless disregard of Mr. Griffith's rights that malice may be inferred, subjecting Diversified Consultants, Inc. to liability for punitive damages in an amount in excess of $25,000.00.

## Prayer For Relief

**Wherefore**, Plaintiff Nikolous L. Griffith prays for judgment against Defendant Diversified Consultants, Inc. as follows:

A.      An award of actual damages in such amounts to be proved at trial in excess of $25,000.00, pursuant to 15 U.S.C.§§ 1681n(a)(1) & 1681o(a)(1);

B.      An award of statutory damages in such amounts to be proved at trial pursuant to 15 U.S.C. § 1681n(a)(1);

C.      An award of punitive damages, in excess of $25,000.00, pursuant to 15 U.S.C. § 1681n(a)(2);

D.      Money damages equal to 3 times Griffith's actual damages or $200.00 for each unlawful act specified, whichever is greater, pursuant to Oh. Rev. Code §1345.09(B);

E.      For punitive damages in amounts to be proven at trial in excess of $25,000.00;

F.      For an amount of money equal to the costs of this action and Mr. Griffith's reasonable attorneys' fees pursuant to Oh. Rev. Code §1345.09(F)(2);

G.      For an order declaring that Diversified Consultants, Inc. engaged in acts and practices in violation of the Ohio Consumer Sales Practices Act;

H.      For a permanent injunction enjoining Diversified Consultants, Inc. and its agents, servants, employees, successors or assigns, and all persons acting in concert and participation with them, directly or indirectly, through any corporate device, partnership, or other association, under this or any other name, from engaging in the acts and practices described in this complaint

11

in the State of Ohio until complying with the laws of the State of Ohio and satisfaction of any

monetary obligations to Mr. Griffith;

I.      For an amount of money in excess of $25,000.00 equal to Mr. Griffith's actual damages,

statutory damages pursuant to 15 U.S.C. §1692k, and his costs and attorney fees pursuant to 15

U.S.C. §1692k;

J.      For pre-judgment and post-judgment interest;

K.      Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) &

1681o(a)(2); and

L.      All other legal or equitable relief to which Plaintiff may be entitled.

### Demand For A Jury Trial

Pursuant to Oh. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues of fact.

Respectfully submitted,

Matthew L. Alden (0065178)
Paul S. Kuzmickas (0076507)
Luftman, Heck & Associates LLP
2012 West 25th Street, Suite 701
Cleveland, Ohio 44113-4131
Phone: 216-586-6600
Fax:    216-539-9326
malden@lawlh.com
pkuzmickas@lawlh.com
Counsel for Plaintiff Nikolous L. Griffith

12